**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ISRAEL GARCIA; JESSENIA M. GARCIA; IVAN A. MADRUENO; PRISCILLA ANN SALADORES; KATHLEEN L. CONIAM,<br><br>Plaintiffs,<br><br>vs.<br><br>GMAC MORTGAGE, LLC fka GMAC MORTGAGE CORPORATION; EXECUTIVE TRUSTEE SERVICES, LLC; WELLS FARGO BANK, N.A.; RONALD M. HORWITZ; RESIDENTIAL FUNDING COMPANY fka RESIDENTIAL FUNDING CORPORATION; QUALITY LOAN SERVICE CORPORATION; GMAC MORTGAGE, LLC,<br><br>Defendants. | No. CV-09-0295-PHX-GMS<br><br>**ORDER** |

Federal Rule of Civil Procedure 20(a) sets forth who may be joined in an action as plaintiffs:

> Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

Similarly, Rule 20(b) sets forth who may be joined in an action as defendants:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the matter.

Here, Mr. and Ms. Garcia, Mr. Madrueno, Ms. Saladores, and Ms. Coniam initially joined together as plaintiffs asserting claims against six defendants and an indeterminate number of unnamed defendants. (*See* Dkt. # 1 Pt. 2.) Plaintiffs' original Complaint was predicated upon events surrounding three pieces of property owned separately by one or more of the plaintiffs. Specifically, Mr. and Ms. Garcia's claims were based upon their ownership of real property at 6526 South 41st Lane, Phoenix, Arizona 85041; Mr. Madrueno's claims were based upon his ownership of real property at 1815 East Pecan Road, Phoenix, Arizona 85040; and Ms. Saladores and Ms. Coniam's claims were based upon their ownership of real property at 8438 North 85th Street, Scottsdale, Arizona 85251. (*See id.*)

Because parts of the original Complaint violated Federal Rule of Civil Procedure 8, the Court directed Plaintiffs, pursuant to Federal Rule of Civil Procedure 12(e), to file and serve a first amended complaint on or before April 27, 2009. On April 24, 2009, Ms. Saladores and Ms. Coniam filed a First Amended Complaint asserting claims, based on their Scottsdale property, against only Residential Funding Company, LLC fka Residential Funding Corporation, Quality Loan Service Corporation, and John Does 1 through 1000. (Dkt. # 31.) Similarly, on April 27, 2009, Mr. and Ms. Garcia filed a First Amended Complaint asserting claims, based on their Phoenix property, against only GMAC Mortgage, LLC fka GMAC Mortgage Corporation, Executive Trustee Services, and John Does 1-1000. (Dkt. # 36.) Mr. Madreuno did not file or join in an amended complaint.

It has become apparent that both Plaintiffs and Defendants have been improperly joined. While there are likely common questions of law and fact between Plaintiffs and Defendants, joinder is improper because Plaintiffs do not asserts claims "jointly, severally,

1  or in the alternative with respect to or arising out of the same transaction, occurrence, or
2  series of transactions or occurrences." Fed. R. Civ. P. 20(a). Similarly, joinder of
3  Defendants is improper because Plaintiffs assert no "right to relief . . . against them jointly,
4  severally, or in the alternative with respect to or arising out of the same transaction,
5  occurrence, or series of transactions or occurrences." *Id.* 20(b).

6  Federal Rule of Civil Procedure 21 addresses misjoinder of parties and allows the
7  Court "on its own" to sever an action to address improper joinder. *See* 7 C. Wright, A.
8  Miller, & M. Kane, *Federal Practice and Procedure* § 1657, at 428 (2d ed. 1990) ("More
9  commonly, Rule 21 has been invoked to sever parties improperly joined under Rule 20.").
10 Courts have broad discretion to sever under Rule 21. *See Coleman v. Quaker Oats Co.*, 232
11 F.3d 1271, 1297 (9th Cir. 2000); *Maddox v. County of Sacramento*, No. 2:06-cv-0072-GEB-
12 EFB, 2006 WL 3201078, at *2 (E.D. Cal. Nov. 3, 2006).

13 **IT IS THEREFORE ORDERED** that, pursuant to Federal Rule of Civil Procedure
14 21, the Clerk of the Court is directed to sever this action as set forth in the chart below. Case
15 numbers CV-09-0891-PHX-GMS and CV-09-0899-PHX-GMS have been assigned to
16 facilitate this severance.

| Case No. CV-09-0295-PHX-GMS | Plaintiff – Ivan A. Madrueno |
|---|---|
| | Defendants – Wells Fargo Bank, N.A.; Ronald M. Horwitz; John Does 1-1000 |
| | Complaint – Dkt. # 1 Pt. 2 at 6-25 |
| | Leave Docket entries the same. |
| Case No. CV-09-0891-PHX-GMS | Plaintiffs – Israel Garcia; Jessenia M. Garcia |
| | Defendants – GMAC Mortgage, LLC fka GMAC Mortgage Corporation; Executive Trustee Services, LLC; John Does 1-1000 |
| | Complaint for this case no. – Dkt. # 36 |
| | Transfer Dkt. ## 1, 6, 8, 9, 11, 17, 34, 35, 36 to new case no. |

- 3 -

| Case No. CV-09-0899-PHX-GMS | Plaintiffs – Priscilla Ann Saladores; Kathleen Coniam |
|---|---|
| | Defendants – Residential Funding Company, LLC fka residential Funding Corporation; Quality Loan Service Corporation; John Does 1-1000 |
| | Complaint for this case no. – Dkt. # 31 |
| | Transfer Dkt. ## 1, 6, 9, 11, 13, 18, 19, 22, 30, 31, 32, 33 to new case number. |

DATED this 4th day of May, 2009.

*H. Murray Snow*
G. Murray Snow
United States District Judge

- 4 -