**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PRISCILLA ANN SALADORES; KATHLEEN L. CONIAM,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>RESIDENTIAL FUNDING COMPANY, LLC, fka RESIDENTIAL FUNDING CORPORATION; QUALITY LOAN SERVICE CORPORATION,<br><br>　　　　Defendants. | No. CV-09-0899-PHX-GMS<br><br>**ORDER** |

Pending before the Court are the Motion to Dismiss, or in the Alternative Motion for Summary Judgment of Defendant Quality Loan Service Corporation (Dkt. # 15), the Motion for Final Judgment and/or Mandatory Injunction of Plaintiffs Coniam and Saladores (Dkt. # 24), and the Motion for a Notice of Cease and Desist and Injunctive Relief of Plaintiffs Coniam and Saladores (Dkt. # 32). For the reasons set forth below, the Court grants Defendant's motion and denies Plaintiffs' motions.

## BACKGROUND

Plaintiffs Coniam and Saladores are Arizona residents who allegedly own or occupy real property in Arizona at 8438 North 85th Street, Scottsdale, AZ 85258 (the "Scottsdale Property"). On March 24, 2008, Plaintiff Coniam initiated suit in state court against Homecomings Financial Network, Inc.; Homecomings Financial, LLC; IndyMac Bank; and

Quality Loan Service Corporation ("QLS"). (Dkt. # 34 Ex. A.)[1] In her complaint, Plaintiff Coniam raised a variety of claims relating to the Scottsdale property. Specifically, Plaintiff Coniam claimed that the loan origination process was improper and that the defendants were improperly seeking to foreclose on the property without "original note full disclosure and production of original documents." (*Id.* ¶ 12.) In her complaint, Plaintiff Coniam asserted claims for concealment, contract fraud, tort fraud, non-disclosure, and intentional infliction of emotional distress. She consequently sought "[a]n [a]utomatic stay of the [f]oreclosure proceedings," "[a]n [order] that Defendants pay Plaintiff the value of all pecuniary losses incurred by Plaintiff due to the Defendants' [f]raud, [m]isrepresentations, [c]oncealment and [n]on-[d]isclosure," "[a]n [order] that Defendants pay Plaintiff $650,000.00," and an order to pay punitive damages and other fees and costs. (*Id.* at 11.) On April 14, 2008, the defendants in the action filed a motion to dismiss to which no objection was filed by Plaintiff Coniam. (Dkt. # 15 Ex. A.) Consequently, on June 20, 2008, the court granted the motion and dismissed the complaint with prejudice. (*Id.*)

On July 16, 2008, Plaintiff Saladores filed a subsequent action in state court against the previously-named defendants and Camelback Title Agency. (Dkt. # 34 Ex. B.) In her complaint, Plaintiff Saladores raises similar claims relating to the Scottsdale property. Specifically, Plaintiff Saladores claimed that the named defendants acted improperly at loan origination and were improperly seeking to foreclose on the property without "[a]ctual [n]otice of [o]riginal [n]ote [f]ull [d]isclosure and [p]roduction of blue ink [o]riginal documents." (*Id.* ¶ 16-17.) Plaintiff Saladores asserted claims for fraud, contract fraud, conspiracy, and "breach." (*Id.* ¶¶ 18-39.) She consequently sought "[a]n [order] that Defendants pay Plaintiff the value of all pecuniary losses incurred by Plaintiff due to their misrepresentations" and an order to pay punitive damages and other fees and costs. (*Id.* at

---

[1] On a motion to dismiss, a court may take judicial notice of facts outside the pleadings. *Sears, Roebuck & Co. v. Metro. Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956). Accordingly, the Court has taken judicial notice of the court records from Plaintiffs' state-court suits.

23-24.) On April 17, 2008, the court granted a motion to dismiss filed by the defendants and dismissed the complaint "as against all Defendants, with prejudice." (Dkt. # 15 Ex. B.)

The present action was initiated in state court on January 12, 2009 – nearly three months before the second state-court action was dismissed – and the parties to this suit again include Plaintiffs Saladores and Coniam and Defendant QLS. (Dkt. # 1 Pt. 2 at 6.) On May 4, 2009, Plaintiffs Saladores and Coniam filed their First Amended Complaint ("FAC"). In the FAC, Plaintiffs allege that in May of 2006, Plaintiff Coniam obtained financing related to the Scottsdale property from Homecomings Financial Network in the amount of $650,000.00. (Dkt. # 10 Pt. 2.) The financing was obtained pursuant to a promissory note and secured by a deed of trust on the property. Apparently, a non-judicial trustee sale has been or is being pursued on the Scottsdale property due to default on the promissory note. Defendants are financial/real estate businesses that are involved in some manner with the trustee sale of Plaintiffs' property. In the FAC, Plaintiffs assert claims for fraudulent misrepresentation, negligence, civil conspiracy, intentional reckless acts, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (*Id.* ¶¶ 20-51.) Each of Plaintiffs' claims relate to either the origination of the $650,000.00 loan or the attempted foreclosure on the Scottsdale property. In the FAC, Plaintiffs seek "[r]ecissions of the entire [m]ortgage and [p]romissory [n]otes," an order "that Defendants are liable to Plaintiffs in an amount not less than $200.00 and up to $2,000.00 for each violation after proven," "[d]amages as a result of the aforementioned violations," "[a]ward of 100% ownership to Plaintiffs of [the] subject real property," and other costs/fees incurred. (*Id.* at 16-17.)

On May 15, 2000, Defendant QLS moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that "[t]he claims asserted by Plaintiffs are barred by the doctrine[] of res judicata . . . by virtue of the [state-court proceedings]." (Dkt. # 15.) Additionally, on June 23, 2009, Plaintiffs moved for final judgment and/or mandatory

1 injunction against Defendant Residential Funding Company (Dkt. # 24), and on July 16,
2 2009, again moved for injunctive relief against Defendants (Dkt. # 32).

**DISCUSSION**

**I.    Quality Loan Service Corporation's Motion to Dismiss**

Defendant QLS argues Plaintiffs' claims are barred under principles of claim preclusion by virtue of the dismissal with prejudice of their state-court actions. (Dkt. # 15 at 1-4.) Claim preclusion is appropriately raised on a motion to dismiss if the defendant does not raise issues of disputed facts. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Under the doctrine of claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *see also Scoggin v. Schrunk*, 522 F.2d 436, 437 (9th Cir. 1975) (holding that res judicata bars "assertion of every legal theory . . . that might have been raised" in the first action); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("[C]laim preclusion . . . bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."). The elements necessary to establish claim preclusion are: (1) an identity of claims; (2) a final judgment on the merits; and (3) privity between the parties. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1050-52 (9th Cir. 2005). The Court will address each necessary element in turn.

**A.    Identity of Claims**

In determining whether there is an identity of claims between Plaintiffs' federal case and Plaintiffs' state-court cases, the critical question is whether Plaintiffs have stated in the instant suit a cause of action different from those raised in the first suit. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (1982); *see also Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). The Ninth Circuit addresses this issue by applying the following criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in two actions; (3) whether the two suits involve infringement of

>    the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini*, 681 F.2d at 1201-02 (citation omitted). The last of these criteria is the most important. *Id.*; *see also Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002).

Here, both of Plaintiffs' state-court cases against QLS did "arise out of the same transactional nucleus of facts" – QLS's involvement with the foreclosure of the Scottsdale property. Each of the state-court lawsuits, as well as the current action, charge QLS with improperly proceeding with a nonjudicial foreclosure on the Scottsdale property. Therefore, the last of the criteria supports the application of claim preclusion.

The other criteria for finding a single cause of action are also met. QLS's freedom from liability and ability to pursue foreclosure could be impaired by this action if it is permitted to proceed. The evidence in the instant action would be virtually identical to the evidence presented in the state-court proceedings. Finally, the three suits involve infringement of the same right – whether QLS is legally permitted to foreclose on the Scottsdale property. While the titles to the individual claims varied in each suit, the cause of action asserted against QLS in the instant case is identical to the one raised in Plaintiffs' state-court suits.

### B. Final Judgment on the Merits

Unless otherwise specified, a dismissal with prejudice is typically a final judgment on the merits. *See Stewart v. U.S. Bankcorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice'"); *Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993) (noting that "with prejudice" is an acceptable shorthand for "adjudication on the merits"). In both state-court proceedings filed by Plaintiffs, the courts granted motions filed by defendants based upon their failure to object or respond to the motions and dismissed both complaints with prejudice. (Dkt. # 15 Ex. A (ordering that "[t]he Complaint is dismissed with prejudice"); *id.* Ex. B (holding that "the Court has no choice but to grant [the] motions" and "dismissing

the Plaintiff's Complaint, as against all Defendants, *with prejudice*").) Therefore, whether the dismissal was based on the plaintiffs' failure to prosecute or were based on the merits of the underlying motions, the results were final adjudications on the merits in both instances. *See Owens*, 244 F.3d at 714 (holding that dismissal of a prior action for failure to prosecute was an adjudication on the merits under Rule 41(b) because the appellant failed to file an opposition to a motion); *Moore v. City of Westminster*, 116 F.3d 1486, *1 (9th Cir. 1997) (holding that res judicata applied when a prior action was dismissed based on an appellant's failure to timely file an opposition to the defendant's motion to dismiss).

### C. Privity Between the Parties

Here, the parties do not dispute that QLS was a defendant in both state-court actions as well as a defendant in the present action. Additionally, there is no dispute that Plaintiffs were separately the plaintiffs in the two state-court actions, and their interests in preserving the Scottsdale property were closely intertwined in both cases. *See Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 1993) (holding that "when two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other"). Therefore, the identity of parties element is satisfied.

Inasmuch as there is an identity of claims, a final judgment on the merits, and identity between the parties, claim preclusion bars the instant suit against QLS. Plaintiffs seek to avoid this conclusion by arguing that they did not have a fair chance to present their case "[b]ecause counsel retained by Plaintiffs to represent them did not communicate or make any appearances to the court or to the defendants." (Dkt. # 29 at 7.) Generally, before claim preclusion can be applied, the parties must have had "a full and fair opportunity to litigate [their] claim[s]." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480-81 (1982). However, it is not up to this Court to set aside the final judgments of a state court and there is no evidence that Plaintiffs have sought to have the state-court judgments set aside. The Supreme Court in *Kremer* narrowed the "full and fair opportunity to litigate" exception to circumstances where "redetermination of issues is warranted [because] there is reason to

doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Id.* at 481. Indeed, in *Federated Department Stores, Inc. v. Moitie*, the Supreme Court emphasized the need to apply claim preclusion:

> [W]e do not see the grave injustice which would be done by the application of accepted principles of res judicata. "Simple justice" is achieved when a complex body of law developed over a period of years is evenhandedly applied. The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata. . . . We have stressed that the doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts.

452 U.S. 394, 401 (1981) (internal quotations and citations omitted).

Here, Plaintiffs do not argue that the state court did not afford them a full and fair opportunity to litigate their claims. Rather, they only argue that decisions and failures on the part of their attorney resulted in their inability to fully present their claims in their state-court actions. While the negligent conduct of an attorney may permit the revival of a terminated action, *see, e.g.*, *Spates-More v. Henderson*, 305 F. App'x 449 (9th Cir. 2008); *Moore v. United States*, 262 F. App'x 828 (9th Cir. 2008); *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164 (9th Cir. 2002), it does not allow this Court to set aside the judgment of a state court and reject the application of claim preclusion. Because Plaintiffs were not denied due process in their state-court proceedings, this Court must enforce the principles of claim preclusion.

## II.     Plaintiffs' Motion for Judgment

On May 28, 2009, Defendant Residential Funding Company ("RFC") filed their Answer to Plaintiffs' Complaint. (Dkt. # 16.) In their Answer, RFC responds to the allegations in the FAC and asserts a series of fourteen affirmative defenses. (*Id.*) At the conclusion of their Answer, RFC requests an entry of judgment in their favor and an award of attorneys' fees and costs. (*Id.* at 8.) Apparently believing that a reply to RFC's Answer was necessary and permitted, Plaintiffs filed their Response to RFC's Answer to Plaintiffs'

1  FAC and Motion for Final Judgment and/or Mandatory Injunction Against Defendant
2  Residential Funding Company on June 23, 2009. (Dkt. # 24.)

3  Federal Rule of Civil Procedure 7(a) states that only the following pleadings are
4  permitted: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim
5  designated as a counterclaim; (4) an answer to a counterclaim; (5) a third-party complaint;
6  (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an
7  answer." Here, Plaintiffs filed their Complaint and Defendant RFC properly filed an answer.
8  However, RFC did not assert any counterclaims or third-party claims, and the court has not
9  ordered Plaintiffs to file a reply. Therefore, Plaintiffs were not entitled to file their Reply to
10 RFC's Answer.

11 In their Reply, Plaintiffs dispute each of the affirmative defenses pled by RFC and,
12 at the conclusion of the Reply, Plaintiffs argue that they have "set forth numerous legally
13 sufficient causes of action against Defendant RFC and Defendant [QLS]." (Dkt. # 24 at 25.)
14 Consequently, Plaintiffs prematurely move for final judgment against Defendants consistent
15 with the demand for relief in their Complaint. (*Id.* at 25-26.) Additionally, Plaintiffs request
16 that "the Court deny Defendant [RFC] their request for entry of judgment [(in their Answer)]
17 and grant Plaintiff[s'] motion for final judgment." (*Id.*)

18 To the extent Plaintiffs' filing can be construed as a properly filed motion, it is denied.
19 Plaintiffs cites no legal authority, nor is the Court aware of any, that would permit this Court
20 to grant the relief sought in Plaintiffs' motion. Additionally, because this case is still at the
21 pleading stage, there is no factual basis upon which the Court could grant the motion.
22 Therefore, Plaintiffs' motion is denied.[2]

---

[2] This Court is permitted to recommend that Plaintiffs retain an attorney. *See, e.g.*, *Cunningham v. Ridge*, 258 F. App'x 221, 223 (10th Cir. 2007) ("The magistrate judge wisely recommended Cunningham retain a lawyer to assist with the procedural requirements . . . ."); *Kim v. U.S. Dep't of Labor*, No. 1:06-CV-683, 2007 WL 844871, at *2 (W.D. Mich. Mar. 16, 2007) ("The court strongly recommends that plaintiff retain a competent attorney to represent him in this matter."). Because it appears from the pleading and motions on file that Plaintiffs may not fully appreciate the nature of their claims, the requirements of the

### III. Plaintiffs' Motion for Injunctive Relief

On July 16, 2009, Plaintiffs filed their Motion for a Notice of Cease and Desist and Injunctive Relief, which the Court interprets as a motion for a temporary restraining order ("TRO") or preliminary injunction. (Dkt. ## 31, 32.) In the motion, Plaintiffs request that this Court enjoin a trustee's sale of the Scottsdale property scheduled for August 26, 2009. (Dkt. # 32 at 2.)

Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary injunction or TRO upon a proper showing. The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). To prevail on a request for a preliminary injunction, a plaintiff must show either "(a) probable success on the merits combined with the possibility[3] of irreparable injury or (b) that [it] has raised serious questions going to the merits, and that the balance of hardships tips sharply in [its] favor." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth Circuit has explained that "these two alternatives represent 'extremes of a single continuum,' rather than two separate tests. Thus, the greater the relative hardship to the moving party, the less probability of success must be shown." *Immigrant Assistant Project of Los Angeles County Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted).

While Plaintiff did submit a verified FAC, it consists of seventeen pages of amorphous factual and legal allegations. In the FAC, Plaintiffs rest on allegations of fraud without pleading that fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b). Additionally, Plaintiffs are precluded from pursuing their claims against QLS due to

---

procedural rules, and how the two interact, the Court recommends that Plaintiffs retain an attorney to represent them in this matter.

[3]In *Winter v. Natural Res. Def. Council, Inc.*, the Supreme Court held that "the Ninth Circuit's 'possibility' standard is too lenient." 129 S. Ct. 365, 375 (2008). The Court stated that the "standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id.* (citations omitted).

their state-court proceedings. Other than the FAC, Plaintiffs failed to present any affidavits or other admissible evidence supporting a likelihood of success on the merits. Indeed, Plaintiffs entirely failed to provide any legal authority or advance any argument demonstrating a likelihood of success on the merits or serious questions going to the merits. After review of the FAC and the motion, the Court finds that Plaintiffs have failed to make the requisite showing sufficient to grant injunctive relief.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss, or in the Alternative Motion for Summary Judgment of Defendant Quality Loan Service Corporation (Dkt. # 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Final Judgment and/or Mandatory Injunction of Plaintiffs Coniam and Saladores (Dkt. # 24) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for a Notice of Cease and Desist and Injunctive Relief of Plaintiffs Coniam and Saladores (Dkt. # 32) is **DENIED**.

DATED this 31st day of July, 2009.

_____
G. Murray Snow
United States District Judge