**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Priscilla Ann Saladores and Kathleen L. Coniam,<br><br>    Plaintiff,<br><br>vs.<br><br>Residential Funding Company, LLC fka Residential Funding Corporation; Quality Loan Service Corporation; John Does 1 Through 1,000 et al.,<br><br>    Defendant. | No. CV-09-899-PHX-GMS<br><br>**ORDER** |

Pending before this Court are: (1) Defendant Residential Funding Company, LLC's ("RFC") Motion for Judgment on the Pleadings (Doc. 60); (2) Plaintiffs' Motion to Dismiss RFC's Motion for Judgment on the Pleadings (Doc. 66); and (3) Plaintiff's Amended Motion for leave to file Second Amended Complaint (Doc. 73). For the reasons listed below, Defendant RFC's Motion for Judgment on the Pleadings (Doc. 60) is granted; Plaintiff's Motion to Dismiss RFC's Motion for Judgment on the Pleadings (Doc. 66) is denied[1], and Plaintiff's Amended Motion for leave to file Second Amended Complaint (Doc. 73) is denied.

---

[1] Plaintiff's Motion to Dismiss RFC's Motion (Doc. 66) is virtually identical to Doc. 65, which appears to be a Response to Defendant's Motion to Dismiss. Thus, the Court takes into account the substance of the argument contained in these two motions, but to the extent that Doc. 66 requests that Defendant's Motion be dismissed it is denied.

**I.     Motion For Judgment On the Pleadings**

On July 31, 2009, this Court granted Defendant Quality Loan Service Corporation's ("QLS") Motion to Dismiss/Motion for Summary Judgment, based on the determination that any claims stated against QLS and brought by Plaintiffs in this action, had already been determined by two final state court judgments dismissing those claims with prejudice (Doc. 36). The two state court actions were asserted against the same Defendants by each of the Plaintiffs set forth in this action. For the reasons set forth in that Order, there is no merit to Plaintiffs' argument that the judgments in those cases were not final.

A Co-Defendant with QLS in the state court actions below was Homecomings Financial Network, Inc. and Homecomings Financial, LLC ("Homecomings"). Plaintiffs' claims against Homecomings were dismissed with prejudice as were Plaintiffs claims against QLS. In the First Amended Complaint, which currently governs this action, the Plaintiffs plead that they entered into a deed of trust with Homecomings and name RFC because, as an international financial services corporation, it owns Homecomings, Amended Complaint at ¶ 9, and further Homecomings assigned the subject deed of trust to RFC after entering the note with Plaintiffs. *Id*. at ¶ 12. According to the Complaint, the note was thereafter assigned to IndyMac Bank, FSB, *Id*. at ¶ 10, with QLS eventually substituting in as the Trustee.

As a successor in interest to Homecomings, RFC has whatever rights Homecomings held in the note and deed of trust as necessarily determined by the state court's final judgment resolving Plaintiffs' claims against Homecomings. Plaintiffs assert that because RFC was not a party to their previous state court actions, it is not now entitled to claim the benefit of the judgment in Homecomings' favor. Plaintiffs are incorrect. As a successor in interest to Homecomings, which the First Amended Complaint acknowledges, *see, e.g,*. First Amended Complaint ¶ 12, RFC is entitled to the benefit of the legal determination dismissing Plaintiffs' claims against Homecomings. *Cf. Taylor v. Sturgell,* 128 S.Ct. 2161, 2172 (2008) (internal citation omitted.) ("[N]on party preclusion may be justified based on a variety of pre-existing 'substantive legal relationship[s]' between the person to be bound and a party

to the judgment. Qualifying relationships include, but are not limited to, preceding and succeeding owners of property, bailee and bailor and assignee and assignor.")

Nor does RFC lose the protection it may have received from its successor-in-interest status, simply because it, too, assigned whatever interest it may have had in the note and or deed of trust to IndyMac Bank FSB. Contrary to what Plaintiffs appear to be arguing, RFC does not lack standing to invoke claim preclusion based on the state court's determination concerning Homecoming. RFC has been brought into this case by Plaintiffs. Because Plaintiffs are stating claims against RFC based upon Homecoming's assignment of the Deed of Trust to RFC, RFC can raise whatever appropriate arguments it has to defeat those claims based upon the State Court's final determinations concerning Plaintiffs' claims against Homecomings. Plaintiffs current claims against Defendant RFC are thus dismissed.

**II.     Leave To Amend**

Plaintiffs' Motion for Leave to File Corrected Second Amended Complaint Pursuant to Rule 15(a) of A.R.C.P. (Doc. 73) is denied. Plaintiffs have failed to comply with LRCiv. 15.1. Further, in the Proposed Corrected Second Amended Complaint as the Court interprets it, the Plaintiffs attempt to reassert claims against QLS, which has been long dismissed as a party from this action, and further attempt to re-assert the same claims against RFC that it asserted against its predecessor Homecomings without setting forth that its claims are based on agreements entered between Plaintiffs and Homecomings that were subsequently assigned by Homecomings to RFC.

LRCiv 15.1 requires that:

> A party who moves for leave to amend a pleading . . . must attach a copy of the proposed amended pleading as an exhibit to the motion . . . which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added.

Plaintiffs have not provided any proposed exhibit in which they both strike through the text to be deleted, and underline the text to be added. Thus, Plaintiffs leave the Court to try to figure out what is added and what is taken away by their proposed amendment. This the Court declines to do, preferring instead to hold Plaintiffs to the requirements of the rule.

To the extent that the Court can interpret the newly Proposed Corrected Second Amended Complaint, it asserts claims against both QLS and RFC that have already been dismissed based on claim preclusion. It continues to assert claims against QLS that have long been dismissed. And, QLS as a party has already been dismissed on the merits. Then, apparently, the proposed Corrected Second Amended Complaint, merely asserts claims against RFC that were previously asserted against Homecomings, without acknowledging that the claims arise, not from RFC's actions and agreements, but from Homecomings' that were subsequently assigned to RFC. Again, based on this Court's ruling above, this too is impermissible. Leave to amend can be denied where the proposed amended complaint would be futile. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373-74 (9th Cir. 1990). It appears to be so, here. Thus, leave to amend is denied without prejudice.

No defendants remain in this action except Doe Defendants against which Plaintiffs have made no substantive claims. If the Plaintiffs wish to amend their complaint to attempt to state claims against these or other Defendants they must file such a proposed amendment pursuant to LRCiv. 15.1, together with a motion establishing good cause to extend the deadline set forth in the Scheduling Order for filing motions to amend. *See, e.g.,* Fed. R. Civ. P. 16(b)(4). Plaintiffs must file both such motions within thirty days, otherwise the First Amended Complaint is dismissed, and the Clerk is directed to terminate this matter.

**IT IS THEREFORE ORDERED:**

1. Granting Defendant RFC's Motion for Judgment on the Pleadings (Doc. 60).

2. Denying Plaintiffs' Motion to Dismiss RFC's Motion for Judgment on the Pleadings (Doc. 66).

3. Denying Plaintiff's Amended Motion for leave to file Second Amended Complaint (Doc. 73).

/ / /

/ / /

/ / /

/ / /

1        4.       Motion to extend deadline to amend and motion to amend shall be due **within 30 days** from the date of this Order, otherwise the First Amended Complaint is dismissed and the Clerk of the Court is directed to terminate this action.

DATED this 24th day of November, 2010.

_____
G. Murray Snow
United States District Judge

- 5 -