**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Priscilla Ann Saladores Aka Priscilla Ann Hendrix and Kathleen L. Coniam,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Residential Funding Company, LLC fka Residential Funding Corporation; Quality Loan Service Corporation; John Does 1 Through 1,000 et al.,<br><br>　　　　　Defendants. | No. CV-09-899-PHX-GMS<br><br>**ORDER** |

Pending before this Court is Plaintiff's Motion for Leave to File Amended Complaint Pursuant to Rule 15(a) of A.R.C.P. (Doc. 78). For the reasons stated below the Motion is denied, and this matter is dismissed with prejudice.

On November 24, 2010, this Court entered an Order granting Residential Funding Company, LLC's ("RFC's") Motion for Judgment on the Pleadings because RFC was a successor in interest to Homecomings, and Plaintiffs' claims against Homecomings had been dismissed with prejudice (Doc. 60). That Order further denied Plaintiffs' Motion to File a Proposed and Corrected Second Amended Complaint (Doc. 73), both because Plaintiffs failed to follow the rules in seeking to amend, and because, in that proposed Second Amended Complaint, Plaintiffs attempted to reassert claims against Quality Loan Service ("QLS"). This Court had dismissed Plaintiffs' Complaint against QLS based on res judicata

1   principles more than a year previously, on July 31, 2009 (Doc 36).

2   Noting that there were remaining Doe Defendants left in the case, the Court granted
3   leave to amend within thirty days. Nevertheless, the Court noted that if Plaintiffs sought to
4   amend "against these or other Defendants" they were obliged to file the proposed amendment
5   "together with a motion establishing good cause to extend the deadline set forth in the
6   Scheduling Order for filing motions to amend."

7   In their Motion For Leave to File Amended Complaint, Plaintiffs again seek leave to
8   reassert claims against QLS and RFC based on vague allegations that they filed fraudulent
9   documents and accomplished a wrongful foreclosure pursuant to those fraudulent documents.
10  This is nothing more than a rehash of the claims that have already been dismissed. Absent
11  some new and different basis for asserting claims, which is not contained in the proposed
12  second amended complaint. The Court determines that such claims would be futile. *Allen*
13  *v. City of Beverly Hills,* 911 F.2d 367, 373-74 (9th Cir. 1990). Even if Plaintiffs were trying
14  to assert different claims, Plaintiffs have failed to plead such claims with any plausibility.
15  They are, therefore dismissed.

16  Further, Plaintiffs seek to add a new claim against a new defendant Calfa Real Estate
17  LLC, which apparently purchased the subject property at the non-judicial foreclosure sale
18  that occurred in April of last year. In seeking to amend their complaint, they allege that Calfa
19  was the purchaser of the property and should have known that it was the subject of litigation,
20  but they do not state what Calfa did that gives rise to a claim against it. At any rate, they
21  have stated no claim in their amended complaint that survives the foreclosure sale itself. See,
22  Arizona Revised Statute § 33-811(c) **(YEAR)**, which specifies that Plaintiffs will forfeit any
23  defenses and objections to the sale that have not resulted in an emergency order of the Court
24  entered the day before the sale. Because Plaintiffs' proposed second amended complaint
25  would be futile, leave to amend would be futile, and it is denied. *Allen v. City of Beverly*
26  *Hills,* 911 F.2d 367, 373-74 (9th Cir. 1990).

27  Further, Plaintiffs have failed to comply with this Court's previous order directing
28  them to file a memorandum establishing good cause for the court to extend the amendment

- 2 -

1 deadline set forth in its scheduling order to permit them to bring a belated claim against
2 Calfa. Plaintiffs were able to ascertain the purchaser of the subject property in April of last
3 year. They provide no justification for failing to seek to amend their complaint to add claims
4 against Calfa until now, which is well after the deadline established for bringing such claims.
5 Leave to amend the Scheduling Order to permit the filing of the proposed amended
6 complaint is, therefore, denied on that basis as well.

7 This Court has provided Plaintiffs with repeated opportunities to state any legitimate
8 claim that it has against any Defendant. Plaintiffs have persistently failed to successfully do
9 so. There being no apparent plausible claims that Plaintiffs have against any Defendants, and
10 Plaintiffs having been provided repeated opportunities to correctly state a claim, the Court
11 will deny the Motion and dismiss this action with prejudice.

12 **IT IS THEREFORE ORDERED** denying the Motion to Amend/Correct Amended
13 Complaint (Doc. 78).

14 **IT IS FURTHER ORDERED** dismissing Plaintiffs' Complaint **with prejudice** and
15 directing the Clerk of the Court to terminate this action.

16 DATED this 21st day of January, 2011.

_G. Murray Snow_
United States District Judge